**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

GENERAL MOTORS LLC,
    Plaintiff,

v.                                                                    Civil Action No. 1:12CV95

ASTRO BUICK-OLDSMOBILE, INC.,
    Defendant.

## ORDER/OPINION

On June 20, 2013, Defendant Astro Buick-Oldsmobile, Inc. ("Astro") filed a "Motion to Compel Documents Claimed as Privileged Pursuant to the Clawback Provision in the Parties' Joint Protective Order" [DE 84]. On July 10, 2013, Plaintiff General Motors, LLC, ("GM") filed a Response to the Motion [DE 100]. On July 19, 2013, Astro filed its Reply [DE107]. On July 25, 2013, the Court entered an Order directing GM to provide the documents at issue to the Court for its *in camera* review. GM did so on July 30, 2013.

Whenever a party asserts a claim of attorney-client privilege as justification for non-disclosure, two fundamental policies are thrust into competition with each other. One policy favors full disclosure in order to protect "the integrity and fairness of the fact finding process. The other policy promotes full and frank consultation between a client and a legal advisor by removing the fear of compelled disclosure of information." United States Fidelity and Guaranty Company v. Canady, 460 S.E.2d 677, 684 (W. Va. 1993). It is for the Court to resolve the clash between these competing policies. However, the Court's discretion is not absolute. It must be tempered by application of the correct legal standard, notwithstanding that its rulings on discovery issues ordinarily are reviewed under the abuse of discretion standard. Id. citing McDougal v. McCammon, 455 S.E.2d 788 (W. Va. 1995) quoting State v. Farley, 452 S.E.2d 50 (W. Va. 1994). In order to avoid plenary review, the deciding Court must necessarily apply the correct legal standards and make adequate findings.

United States Fidelity and Guaranty Company v. Canady, supra, 685.

Because the attorney-client privilege is "antagonistic to the notion of fullest disclosure of the facts, [it is] to be strictly construed." United States Fidelity and Guaranty Company v. Canady, supra, 683.

The Fourth Circuit in United States v. Jones, 696 F.2d 1069 (4th Cir. 1982)(per curiam) adopted the "classic test" of the attorney-client privilege as follows:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client and (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

The Motion to Compel involves an e-mail string in which one of the senders/recipients is identified as Paul J. Widzinski. Although Astro states that Mr. Widzinski is "allegedly a GM in-house attorney who was also serving on the DPAP Committee," GM has filed a "Declaration of Paul J. Widzinski, Esq.," in which Mr. Widzinski declares under oath and under penalty of perjury that he is an in-house attorney at GM who has represented GM for 24 years. (Astro Exhibit 4). It is therefore undisputable that Mr. Widzinski is an attorney. The Court also finds, based on his Declaration, that Mr. Widzinski is, and was at the time of the communication at issue, in-house counsel for GM, his client. The privilege applies to individuals and corporations and to in-house and outside counsel. Upjohn v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)(attorney-client privilege applies to communications between corporate counsel and employees).

Mr. Widzinski also was a sender/recipient of the e-mail string that included employees of his

client and did not include strangers.  There is no issue regarding whether the emails were for the purpose of committing a crime or tort.  Further, the privilege has been expressly claimed and has not been waived, despite the email having been inadvertently produced.

The question before the Court is therefore whether the communications were in connection with Mr. Widzinski acting as a lawyer, and whether they were for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding.  Astro contends they were not, arguing the communications were prepared in primarily a business capacity.  GM responds that the three e-mails at issue either reflect Mr. Widzinski's legal advice as an attorney or were exchanged in furtherance of providing legal advice and are thus protected by the attorney-client privilege.

In his affidavit, Mr. Widzinski declares he acted as the principal in-house attorney on legal issues related to Astro, including commenting on the correspondence at issue, and that he provided his recommendations in the e-mails at issue  "for the purpose of providing legal advice and commenting on the legal enforceability of a draft letter written by the GM business team for further submissions to Astro."  He also declares: "But for my status as an in-house attorney, I would not have been involved in the discussion reflected in the e-mails referenced in Paragraph 4." Id. Finally, he declares he was not appointed to a "DPAP committee" and his communications at issue were not directed to a "DPAP committee," as is asserted by Astro.

Upon review of the documents at issue, the arguments of counsel, and Mr. Widzinski's affidavit, the Court finds GM has met its burden of establishing that the emails at issue were prepared primarily for the purpose of giving and receiving legal advice. The documents are therefore protected from production by the attorney-client privilege.

Astro's Motion to Compel [DE 84] is therefore **DENIED**.

The Clerk is directed to provide electronic notice of the entry of this Order to counsel of record.

It is so **ORDERED.**

Dated:   August 28, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE